908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gloria VALLE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 89-2685.
 United States Court of Appeals, Seventh Circuit.
 Argued April 20, 1990.
Decided July 10, 1990.
 
 Before WALTER J. CUMMINGS, RICHARD D. CUDAHY and MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Gloria Valle appeals from the district court's affirmance of the final decision of the Secretary of Health and Human Services denying disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. Sec. 402(g). We affirm.
 
 I. Factual Background
 
 2
 On September 12, 1986, the plaintiff filed an application for disability insurance benefits alleging that she became disabled in May 1979, at age 36, when she injured her back attempting to lift a 50-pound box of turpentine. The Social Security Administration denied her application initially and on reconsideration. On September 10, 1987, a hearing was held before an administrative law judge ("ALJ") at which the plaintiff and two medical doctors testified. In a written decision issued on October 20, 1987, the ALJ determined that the plaintiff's impairment did not meet or equal the requirements of 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.05(C).[1] The ALJ further found that the plaintiff was capable of performing the full range of sedentary work, and that she was therefore not entitled to disability benefits. The ALJ's decision became the final decision of the Secretary after the Appeals Council declined to review the ALJ's decision on March 22, 1988.
 
 
 3
 The plaintiff then sought judicial review of this final decision in federal district court. The district judge referred the matter to a magistrate, who recommended that the denial of benefits be upheld on the ground that it was supported by substantial evidence. The magistrate found that the plaintiff was born on November 12, 1943, that she has a fifth grade education, and that she worked as an assembly-line attendant and machine operator from 1978 until May 1979 when her original back injury occurred. According to the magistrate's report, the plaintiff underwent two spinal operations and various courses of treatment for back pain during the ensuing four and one half years. The magistrate noted that the plaintiff had attempted to return to work intermittently during this period.
 
 
 4
 The evidence that the magistrate relied upon to conclude that the decision of the ALJ should be upheld included the plaintiff's testimony that she could stand for an hour, walk up to four blocks, sit for variable periods in a reclining position, cook, do the laundry with help, attend church, and drive a car. In addition, the magistrate considered the testimony of two medical advisors, Dr. Julian Freeman, a board-certified internist, and Dr. Donald S. Miller, a board-certified orthopedic surgeon, as well as reports and records of office visits from Dr. Rieger, a board-certified orthopedic surgeon who performed the plaintiff's second surgery in 1983 and who has continued to treat her since then. Neither Dr. Freeman nor Dr. Miller examined the plaintiff prior to the hearing. Each was present during the plaintiff's testimony, however, and each had reviewed her medical records.
 
 
 5
 Dr. Miller testified that the plaintiff's impairments did meet the requirements of Section 1.05(C) and Dr. Freeman testified that the plaintiff's impairments did not. Dr. Rieger's reports and records did not specifically address whether the plaintiff's impairments qualified her for a finding of disability under Section 1.05(C), but they did make both positive and negative references to the plaintiff's ability to return to work. The magistrate agreed with the ALJ's decision to credit the testimony of Dr. Freeman and the evidence in the medical records over the testimony of Dr. Miller. The magistrate therefore recommended that the ALJ's decision be affirmed.
 
 
 6
 On July 11, 1989, the district judge adopted the magistrate's recommendation, resolving the cross motions for summary judgment in favor of the defendant.
 
 II. Discussion
 
 7
 The regulations promulgated under the Social Security Act provide a five-step process for evaluating whether a claimant is disabled. 20 C.F.R. Sec. 404.1520. First, the Secretary determines whether the claimant is currently unemployed. Second, the Secretary determines whether the claimant's impairment is "severe" within the meaning of 20 C.F.R. 404.1521.[2] Third, the Secretary determines whether the impairment equals or exceeds one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] Fourth, the Secretary determines whether the claimant is able to perform his or her former work. Fifth, the Secretary determines whether the claimant is able to perform other work available in the economy. Assuming the claimant is currently unemployed and does have a severe impairment, then the focus of the inquiry will be on step three. If the Secretary finds that the claimant's impairment does equal or exceed one of the listed impairments, then the claimant will be presumed disabled. If not, then the Secretary will proceed to steps four and five and will only conclude that the claimant is disabled if the claimant's impairment coupled with his or her age and educational background preclude any gainful employment in the current economy.
 
 
 8
 The Secretary's decisions at each step must be upheld if they are supported by substantial evidence. Walker v. Bowen, 834 F.2d 635, 639 (7th Cir.1987). The Supreme Court has defined substantial evidence in this context as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401. This standard will be met even if the record reasonably supports conclusions contrary to those reached by the ALJ and ratified by the Secretary. Aspros v. Railroad Retirement Board, No. 88-2902, (7th Cir. June 14, 1990), slip op. at 4.
 
 
 9
 The ALJ agreed that the plaintiff was unemployed at the time of the hearing (step 1), that she suffered from a severe impairment (step two), and that she was unable to return to work at her former job (step four). The focus of the ALJ's analysis was therefore on steps three and five. With regard to step three, the ALJ found that the plaintiff's impairment met some, but not all, of the requirements of Section 1.05(C). The plaintiff contends that the ALJ's finding that her impairment did not meet all of the requirements of Section 1.05(C) is not supported by substantial evidence. The ALJ agreed with Dr. Freeman's testimony that the plaintiff's medical record failed to show, as required by the Section 1.05(C) listing, persistent muscle spasms. The ALJ further concluded that the medical records did not reveal the required "appropriate and significant sensory and motor abnormalities."
 
 
 10
 The plaintiff maintains that the ALJ should have given greater weight to the testimony of Dr. Miller. An ALJ is free to discredit a doctor's conclusion that a claimant's impairment does meet the requirements of a given Listing. See Scott v. Sullivan, 898 F.2d 519, 524 n. 4 (7th Cir 1990) and cases cited therein. The ALJ explicitly explained that his decision to reject Dr. Miller's testimony was based on the inconsistency of that testimony with the testimony of Dr. Freeman and with the evidence in the medical records. This explanation satisfies the requirement of Zalewski v. Heckler, 760 F.2d 160, 166 (7th Cir.1985) that the ALJ articulate his reasons for rejecting proffered evidence.
 
 
 11
 The plaintiff further contends that the ALJ erred in crediting the testimony of Dr. Freeman over the opinion of her treating physician, Dr. Rieger. An ALJ is not required to give controlling weight to a treating physician's findings if they are incompatible with other evidence in the record. Walker, 834 F.2d at 644. Furthermore, as the ALJ concluded, the most that can be said of Dr. Rieger's findings is that they are equivocal on the subject of the plaintiff's ability to work.
 
 
 12
 Although there is some evidence that the plaintiff's impairment does meet the requirements of Section 1.05(C), it is nevertheless clear that the ALJ's conclusion that the plaintiff's impairment does not meet all of the requirements is supported by substantial evidence.
 
 
 13
 With regard to step five, the ALJ found that at no time preceding the hearing had the claimant been incapable of performing sedentary work for a period of twelve consecutive months. The ALJ therefore concluded that the plaintiff was not disabled. The ALJ based this finding on the testimony of Dr. Freeman and on Social Security Ruling 86-8, which states that an impairment that does not meet or equal one of the step three Listings will not ordinarily interfere with sedentary work. The ALJ's conclusion that the plaintiff is capable of performing sedentary work is further supported by the plaintiff's own testimony that she could stand for an hour, walk up to four blocks, sit for variable periods in a reclining position, cook, do the laundry with help, attend church, and drive a car.
 
 
 14
 The Secretary has argued that the plaintiff's step five argument was waived because it was not properly presented to the magistrate. The record reveals that the plaintiff's references to her step five argument before the district court were at best oblique. Furthermore it is apparent that neither the magistrate nor the district judge was aware that there was a step five argument before him. Although we think it probable that the step five argument was waived, we nevertheless conclude that the ALJ's finding that the plaintiff could perform sedentary work was supported by substantial evidence.
 
 III. Conclusion
 
 15
 There is substantial evidence in the record to support the ALJ's determination that Mrs. Valle is not disabled within the meaning of the Social Security regulations. The district judge's decision to enter summary judgment in favor of the Secretary is therefore affirmed.
 
 
 
 [1]
 Section 1.05(C) of the Listing of Impairments provides:
 C. Other vertebrogenic disorders (e.g., herniated nuclear pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 [1]
 Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 [2]
 Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss
 
 
 [2]
 Section 404.1521 defines a non-severe impairment as one that does not significantly limit the claimant's physical or mental ability to do basic work activities. Basic work activities are defined as the abilities and aptitudes necessary to do most jobs
 
 
 [3]
 For the pertinent impairments, see n. 1 supra